IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CINDY OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA 2:13-00259-KD-N |
| | ) | |
| VINCENT D. HAMLIN and FP | ) | |
| ENTERPRISES BROKERAGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

In this case, removed from the Circuit Court of Marengo County, Alabama on May 8, 2013 (*see* Doc. 1),[1] the plaintiff, Cindy Owens, filed a motion to remand (Doc. 3) on May 10, 2013. The remand motion has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 for entry of a report and recommendation. And, consistent with the submission order (Doc. 4), Removing Defendant FP Enterprises Brokerage, Inc. filed its opposition (Doc. 8) on June 3, 2013; however, the deadline for reply, June 17, 2013, passed without Owens's making such a filing.

After consideration of the pleading, and for the reasons explained herein, it is **RECOMMENDED** that the motion to remand (Doc. 3) be **DENIED**.

## I.     Background

After a June 6, 2011 car accident, Owens filed this lawsuit in state court on December 20, 2012 against the named defendants (Hamlin and FP) and various

---

[1]     Defendant Hamlin filed a notice of consent to removal (Doc. 2) the same day.

fictitious defendants.[2]  (*See* Doc. 1-3.)  The lag between filing in state court and removal, FP explains, is because "[a] copy of the Summons and Complaint[,]" as of the date of removal, had "<u>not</u> yet been properly served on [it].  Therefore, the thirty days by which [FP had] to remove this action [had] not yet elapsed," making its removal timely under 28 U.S.C. § 1446(b).  (Doc. 1, ¶ 11.)  And the propriety of removal here turns on the sufficiency of Owens's purported attempt to serve FP on December 26, 2012.

## II.  Analysis

### A.  As the removing defendant, FP must prove that this Court has subject-matter jurisdiction.

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).  And a federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

---

[2]  The removal statute "requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction." *Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (citing 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989) (discussing the significance of the same); *Universal Communication Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 n. 10 (1st Cir. 2007) ("The presence of John Does does not destroy diversity jurisdiction in cases removed to federal court.")).

28 U.S.C. § 1332(a)(1). Nevertheless, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411; *cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction.") (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *White v. Wells Fargo Home Mortgage*, Civil Action No. 1:11–cv–408–MHT, 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) (a federal court is "obligat[ed] to narrowly construe removal statutes"; this obligation necessarily "requires that uncertainties be 'resolved in favor of remand'") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Therefore, FP must establish the propriety of removal under section 1441 and, for that reason, "bears the burden of establishing the existence of federal jurisdiction[,]" *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)), which requires that FP, both establish complete diversity—that all plaintiffs are diverse from all defendants, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted)—and also show that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *see Fitzgerald v. Besam Automated Entrance Sys.*, 282 F.

3

Supp. 2d 1309, 1314 (S.D. Ala. 2003).

Here, FP asserts, and Owens does not dispute, that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. (*Compare* Doc. 1, ¶¶ 8, 9 (Owens is a citizen of Alabama, while Hamlin is a Georgia resident and FP a Georgia corporation; and the state-court complaint alleges Owens is seeking damages in an amount "in excess of Seventy-Five Thousand Dollars in compensatory and punitive damages"), *with* Doc. 3 (failing to dispute these assertions).)  As mentioned above, the parties' true dispute is whether FP timely removed to federal court.

**B.    The 30-day statutory "time-window" for removal begins to run when FP receives the summons and complaint.**

Section 1446(b)(1) provides, in part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the ***receipt*** by the defendant, ***through service*** or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.* (emphasis added).  This "time-window . . . 'is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).  "[S]ervice of process [is] 'fundamental to any procedural imposition on a named defendant[,]'" *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1370 (N.D. Ga. 2011) (quoting *Murphy Bros.*, 526 U.S. at 350); it is, moreover, "the official trigger for responsive

4

action by an individual or entity named defendant," *Murphy Bros.*, 526 U.S. at 353.³ Of course, where "the summons and complaint are served upon the defendant together, *Murphy Brothers* instructs that 'the 30–day period for removal runs at once.'" *Racquet Club Apartments at Bonaventure 4 S. Condo. Ass'n v. U.S. Sec'y of Hous. & Urban Dev.*, No. 12–60459–Civ–SCOLA, 2012 WL 3244656, at *4 (S.D. Fla. Aug. 9, 2012) (quoting 526 U.S. at 354).

"Section 1446(b)(1) [also] makes clear that the removal period is triggered by receipt, not by service." *DerMargosian v. Arpin Am. Moving Sys., LLC*, Civil Action No. 3:12–CV–4687–D, 2013 WL 787091, at *1 (N.D. Tex. Mar. 4, 2013) (citing, *inter alia*, *Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 377 (S.D. Tex. 2006) ("[T]he thirty-day removal clock begins to run when a defendant receives a pleading, motion, or other paper that reveals on its face a basis for federal jurisdiction.") (citing, in turn, *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)); *accord Bramlett v. Bajric*, Civil Action File No. 1:12–CV–2148–TWT, 2012 WL 4329242, at *2 (N.D. Ga. Sept. 19, 2012) ("To successfully remove an action, the defendant must file its notice of removal within thirty days after the defendant receives the complaint or summons."); *see, e.g., 3925 Alameda Prop. LLC*

---

³ As explained by the court in *Hawkins*,

> The plaintiff in *Murphy Brothers* had faxed a courtesy copy of the complaint to the defendant 14 days before service of process was effected. The defendant removed the action 30 days after service, but 44 days after receiving the faxed copy of the complaint. The Supreme Court held that the removal was timely, because the time to remove did not begin to run until plaintiff had both been served with process and received a copy of the complaint.

785 F. Supp. 2d at 1370 (citing 526 U.S. at 348).

*v. Brainerd*, No. C–12–4924 EMC, 2012 WL 5199170, at *2 (N.D. Cal. Oct. 22, 2012) ("Here, Alameda has provided ***evidence*** that Ms. Brainerd ***was served with the complaint on*** June 14, 2012. *See* Hoffman Decl., Ex. 2 (proof of service). Ms. Brainerd, however, did not file her notice of removal until some three months later.") (emphasis added).

And in multi-defendant litigation, like here, the Eleventh Circuit interprets "§ 1446(b) to permit each defendant thirty days in which to seek removal." *Bailey*, 536 F.3d at 1205; *see also id.* at 1205 n.4 ("[T]he statute should be read to permit each defendant, whether first or last served or somewhere in between, thirty days within which to file a notice of removal upon receipt of service.").[4]

### C. Under the then-applicable Alabama rules of civil procedure, Owens has not shouldered her burden to prove that service of process as to FP was performed correctly and legally.

Owens asserts in her motion to remand that FP "was served on December 26, 2012" (Doc. 3 at 1) and directs the Court to a case action summary sheet attached to her motion (Doc. 3-1). The applicable entry is extracted below:

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 12/26/2012 | 10:44 AM | D002 | SERVICE OF CERTIFIED MAIL ON 12/26/2012 FOR D002 | JAW |

FP acknowledges that it is "D002" (or Defendant 002) (*see* Doc. 1, ¶ 12), but asserts that it has "no record of service of this lawsuit. Further, the actual Circuit Court record supports that service has not been perfected as there are no documents

---

[4] Thus, that Defendant Hamlin received the summons and complaint on March 20, 2013 (*see* Doc. 3-2 (service return)) is of no moment.

associated with this vague entry, such as a returned 'green card' for certified mail or a returned summons." (*Id.* (emphasis in original).) Owens does not contest these assertions. (*See generally* Doc. 3.) And while she has provided a service return for Hamlin (Doc. 3-2), as to FP, she rests on the above-extracted case action summary entry.[5]

First, it is clear that Alabama's rules regarding service controlled prior to the removal of this case. *See* FED. R. CIV. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); FED. R. CIV. P. 4, practice commentary (pre-removal, "service in the state court action will of course have followed state law"); *see also Racquet Club Apartments*, 2012 WL 3244656, at *3 (collecting cases). And under those rules, "[s]ervice by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent ***as evidenced by the signature on the return receipt***." ALA. R. CIV. P. 4(i)(2)(C) (emphasis added).

And when, as here, "the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *Ex parte Volkswagenwerk Aktiengesellschaft*, 443 So. 2d 880, 884 (Ala. 1983). For example, in *Cain v. Cain,*

---

[5] The undersigned has reviewed the state-court filings attached to the notice of removal and notes therein are (1) proposed summonses for both named defendants dated December 20, 2012 and requesting service by certified mail (*see* Doc. 1-5 at 187-188); and (2) proposed summonses for both named defendants dated March 13, 2013, again, requesting service by certified mail (*see id.* at 139-140). As to Hamlin ***only***, there is also an actual summons dated March 13, 2013 and signed by the Clerk of the Marengo County Circuit Court. (*See id.* at 184). This is the same summons for which a return was made. (*Compare id.* at 135, *with* Doc. 3-2.)

892 So. 2d 952 (Ala. Civ. App. 2004),

> [A] former husband alleged that he had not been served with process, [therefore] the burden of proof was on [his] former wife to prove that service of process was performed correctly and legally. The record [there did] not contain a "properly executed return receipt" for the attempted service on the former husband . . . . Therefore, no presumption of correctness arose as to the service of process that was purportedly made on the former husband.  Further, the former wife offered no evidence in response to the former husband's motion to dismiss or his pretrial motion challenging service of process.[6]

*Id.* at 956 (footnote added).  And the Court of Civil Appeals reversed the trial court's judgment of contempt against the former husband because the court lacked personal jurisdiction over him.

Owens simply has failed to carry her burden to establish that the purported service by certified mail on FP was effective.  The Court has no evidence—particularly, a "signature on [a] return receipt"—to establish when the time for FP to respond to Owens's complaint/remove to the Court began to run.  Thus, she has not shown that, as to FP, "service of process was performed correctly and legally." *Volkswagenwerk Aktiengesellschaft*, 443 So. 2d at 884.

### III.    Conclusion

Because Owens has not shown that service of process as to FP was performed correctly and legally under the then-applicable Alabama rules of civil procedure,

---

[6] As to the second point, the court in *Cain* cited to *Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp.*, 590 So. 2d 209, 213 (Ala. 1991), where "in addition to a case action summary sheet that 'reflected that [the defendant] was properly served,' the plaintiff submitted an affidavit from the plaintiff's attorney's secretary and an affidavit from the clerk of court, which included an exhibit containing a copy of the return receipt that had been executed by the defendant's employee, as agent for the defendant employee, as agent for the defendant[,]" 892 So. 2d at 956 (quoting 590 So. 2d at 213).

FP's 30-day statutory "time-window" for removal, under § 1446(b)(1), never began to run.  As such, FP's removal to this Court on May 8, 2013 was not untimely.

It is therefore **RECOMMENDED** that the motion to remand (Doc. 3) be **DENIED**.

### IV.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of June, 2013.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**